IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                  CIVIL ACTION NO. 2:12-cv-04862

$10,290.00 MORE OR LESS, IN
UNITED STATES CURRENCY, et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court in this forfeiture action are the Government's motion to strike Claimant Theodore Woods' ("Claimant") claim and answer for lack of statutory standing [ECF 22] and Claimant's motion to set aside the clerk's entry of default [ECF 26]. For the reasons that follow, the Court **DENIES** the Government's motion [ECF 22] and **GRANTS** Claimant's motion [ECF 26].

I.    BACKGROUND

This action began with the filing of a verified complaint of forfeiture on August 29, 2012. (ECF 1.) On the same date, and pursuant to Supplemental Rule G(3)(b)(i), the Clerk of the Court issued a warrant of arrest and notice *in rem* because the defendant property was in the possession of the Government. (ECF 3.)

On September 6, 2012, the verified complaint and the warrant of arrest and notice *in rem* were served on Claimant (ECF 5), who was the registered owner of the defendant property vehicle and the person from whom the assets were seized (ECF 1).  Claimant failed to timely respond to the verified complaint.

On November 8, 2012, upon motion of the Government (ECF 9) the Clerk of the Court entered default against Claimant (ECF 11).  Thereafter, Claimant moved to set aside the entry of default (ECF 12), and the Government did not object to his motion (ECF 14).

On May 13, 2013, the Court granted Claimant's motion to set aside the default.  (ECF 16.)  The Court's Order, however, did not specify a new deadline by which Claimant was required to file his claim and answer.  (ECF 16.)

On July 12, 2013, the Government filed a second application seeking default against Claimant for failing to timely file responsive pleadings.  (ECF 17.)  The Government acknowledged that the Court's May 13, 2013, Order did not specify a time by which Claimant was to file his claim and answer.  (ECF 17 at 2.)  Nonetheless, the Government argued that "presumably those pleadings should have been filed, at a minimum, in accordance with the time limitations of the notice provisions of [the warrant of arrest and notice in rem and pertinent Supplemental Rules]," which deadlines, the Government asserted, had passed.[1]  (ECF 17 at 2.)

On July 15, 2013, the Clerk entered default against Claimant for the second time. (ECF 18.)

---

[1] The provisions cited by the Government provide, as pertinent here, that the notice sent to a potential claimant must state "a deadline for filing a claim, at least 35 days after the notice is sent", and must further state that "an answer . . . . must be filed no later than 21 days after filing the claim." Supp. Rules G(4)(b)(ii)(B)−(C). The Supplemental Rules further explain that unless the court for good cause sets a different time, a claim must be filed by the time stated in the notice. Supp. Rule. G(5)(ii)(A). Accordingly, the Government argued, entry of default was appropriate because Claimant failed to file his claim within 35 days of the Court's Order setting aside default, which date would have been June 17, 2013, and failed to file his answer within 21 days of filing his claim, which date would have been July 8, 2013. (ECF 17 at 2−3.)

On July 16, 2013, Claimant filed a claim (ECF 21) and answer (ECF 20), in which he asserted that the seized property was not used for nor was it contraband from drug transactions and was instead held for a legitimate purpose. (ECF 21 at 1.)

On July 22, 2013, the Government filed a motion to strike Claimant's claim and answer for lack of statutory standing, arguing that these pleadings were filed out of time and without a motion to set aside the second default. (ECF 22 at 2.)

On August 2, 2013, Claimant filed a document entitled "Memorandum of Law in Opposition to the Government's Motion to Strike *and Theodore Woods' Motion to Set Aside the Default Judgment Entered by the Clerk of the Court*."[2]   (ECF 26.) (Emphasis added.)   As relevant here, in this motion Claimant argued that "[a]ccording to the Court's [May 13, 2013,] Order, there were no deadlines to file the Claim and Answer . . ." and that it would have been impossible for Claimant to have complied with the deadlines as set forth in the Supplemental Rules "unless and until the Court set new deadlines." (ECF 26 at 3−4.)   Claimant further contended that the entry of default should be set aside for good cause, and that the Government would not be prejudiced by such an action or by the Court's deeming the claim and answer to be timely filed. (ECF 26 at 4.)

Thereafter, the Government responded to Claimant's motion to set aside the entry of default (ECF 27), and Claimant replied to the Government's response (ECF 28).

## II.    LEGAL STANDARD

As a threshold matter in civil forfeiture proceedings, a claimant must have standing, and the claimant opposing forfeiture bears the burden of establishing both constitutional and statutory

---

[2] On this date, Claimant filed two documents both entitled "Memorandum of Law in Opposition to the Government's Motion to Strike and Theodore Woods' Motion to Set Aside the Default Judgment Entered by the Clerk of the Court," which documents were docketed as ECF 25 and ECF 26.  Although filed separately, the documents appear to be identical.

3

standing. *See United States v. Brown*, 3:12-cr-57-1, 3:12-cv-125, 2013 WL 2103630 *3 (N.D. W. Va. 2013) (citing *United States v. Munson,* 477 F. App'x. 57, 62 (4th Cir. 2012)). To establish Article III standing, "a claimant must have a colorable ownership, possessory or security interest in at least a portion of the defendant property." *Id.* (citations omitted). To satisfy the statutory standing requirements, a claimant must comply with the procedural requirements for bringing a claim under the applicable federal forfeiture statutes and the Supplemental Rules. *Id.* (citing *United States v. $38,000.00 in United States Currency*, 816 F.2d 1538, 1544−45 (4th Cir. 1987).

### III. APPLICABLE LAW

A district court may set aside an entry of default "for good cause." Fed. R. Civ. P. 55(c). Although the decision is committed to the discretion of the district court, the Fourth Circuit has held that Federal Rule of Civil Procedure 55 must be "liberally construed" and has also "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417, 421 (4th Cir. 2010).

When deciding whether to set aside an entry of default, a district court should consider: (1) whether the moving party has a meritorious defense, (2) whether it acts with reasonable promptness, (3) the personal responsibility of the defaulting party, (4) the prejudice to the party, (5) whether there is a history of dilatory action, and (6) the availability of sanctions less drastic. *Payne v. Brake,* 439 F.3d 198, 204–05 (4th Cir. 2006).

"Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so the case may be heard on the merits." *Tolson v. Hodge,* 411 F.2d 123, 130 (4th Cir. 1969).

## IV.     DISCUSSION

Claimant contends that because no new deadline for filing the claim and answer was set by the Court in its May 13, 2013, Order, no new deadline existed, and, therefore, his claim and answer were not untimely filed. (ECF 26 at 2−4, ECF 28 at 1−2.) This argument is effectively a challenge to the propriety of the entry of default. Claimant further contends that the Government would not be prejudiced by the setting aside of the entry of default and that other factors favor resolution of the claim on its merits.[3] (ECF 26 at 4, ECF 28 at 2−4.)

In response, the Government argues that the entry of default was proper because it should be presumed that after the Court's May 13, 2013, Order, Claimant's responsive pleadings were due within the same timeframe that he previously had to respond to the verified complaint of forfeiture. (ECF 27 at 1−3.) The Government further argues that the balance of factors favor denying Claimant's motion to set aside default. (ECF 27 at 4−9.)

*A. Standing*

The Government does not dispute that Claimant has Article III standing, but rather argues that Claimant cannot establish statutory standing because he failed to timely file responsive pleadings after the Court set aside the first entry of default. (ECF 22.) Under the current posture of the case, however, Claimant's statutory standing ultimately turns on whether the entry of default is set aside.

This is so because Claimant has already filed a claim (ECF 21), answer (ECF 20), and a motion to set aside the entry of default (ECF 26). If the Court grants Claimant's motion to set aside the entry of default, then the Court would permit Claimant additional time to file his claim

---

[3] To the extent that Claimant moves pursuant to Fed. R. Civ. P. 60(b) (ECF 26 at 3), the Court observes that Rule 60(b) sets forth the standard for setting aside default *judgment*. *United States v. Jamie*, 2:10-cv-00859, 2011 WL 90227, at *1 (Johnston, J.). No default judgment has been entered in this case. Accordingly, the Court limits its discussion to the appropriateness of the entry of default and whether that default may be set aside pursuant to Fed. R. Civ. P. 55(c). *See id.*

5

and answer. As such pleadings have already been filed, however, those pleadings would be deemed timely filed under the newly reset deadlines, rendering the Government's motion moot.

Accordingly, because resolution of both pending motions principally turns on whether the entry of default may be set aside, the Court first turns to that question.

*B. Appropriateness of the Entry of Default*

Claimant first argues that no deadline existed by which he was required to file a claim and answer and that, therefore, the entry of default was inappropriate.

The Court rejects this contention. Taken to its logical conclusion, Claimant's position puts no discernable limit beyond the Court's discretion on filing responsive pleadings after the setting aside of an entry of default. Claimant has cited no authority in support of his contention, and the Court cannot conclude that the Federal Rules of Civil Procedure and the Supplemental Rules either contemplate or countenance such an outcome. It should be obvious to both Claimant and Claimant's counsel that Claimant would have been expected to respond *at some point*, and it is reasonable to assume that absent further instruction such timeframe would not be greater than that which he had previously had to file responsive pleadings. Moreover, Claimant did not at any time prior to the second entry of default seek to clarify the ambiguity that he now identifies. Accordingly, the Court declines to find that the Clerk improperly entered default under these unique circumstances.

The Court acknowledges, however, that what specific deadline applied was not necessarily as clear as it could have been. Moreover, the Government has also not cited any authority that explicitly holds that when an entry of default is set aside the deadlines to file responsive pleadings are re-set pursuant to those previously applicable timeframes. Additionally, as Claimant points out, Supplemental Rules G(5)(a)(ii)(A) and G(4)(b)(ii)(A)−(C),

which apply here, provide deadlines for filing a claim and answer that are calculated from the occurrence of a specific forfeiture-related event—that is, the date on which the verified complaint of forfeiture was sent to a potential claimant. Accordingly, as the Court evaluates Claimant's motion to set aside the entry of default it will do so in light of such ambiguity.

C. Payne Factors

    1. *Meritorious Defense*

The Government's principal argument against setting aside the entry of default is that Claimant does not have a meritorious defense, and that to the extent that he has asserted a meritorious defense he has proffered only insufficient "general denials." (ECF 27 at 4−8.)

Claimant's alleged defense need not be proven at this stage in order for it to be "meritorious" for purposes of the Court's analysis. *Wainwright's Vacations, LLC v. Pan Am. Airways, Corp.,* 130 F. Supp. 2d 712, 718 (D. Md. 2001) ("[T]he moving party does not have to prove conclusively that he would prevail, only that there is sufficient evidence to permit a court to find in his favor."). In fact, even if a defense is tenuous, then the "meritorious defense" factor should weigh in favor of granting a motion to set aside entry of default. *See Rasmussen v. Am. Nat'l Red Cross*, 155 F.R.D. 549, 552 (S.D. W. Va. 1994) (Haden, C.J.) ("Although the Court finds the Defendant's 'meritorious defense' argument tenuous, it nonetheless recognizes the general policy of deciding cases on their merits."). "[A]ll that is necessary to establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party." *United States v. Moradi,* 673 F.2d 725, 727 (4th Cir. 1982).

Here, Claimant has proffered some, albeit limited, evidence of a meritorious defense in support of his claim. For example, in his motion to set aside the entry of default, Claimant

7

denies that the cash discovered in his car and on his person as well as the car itself were involved in drug trafficking or were the profits or proceeds from drug trafficking. (ECF 26 at 4.) Similarly, Claimant asserts in his claim that the defendant property "was not used [sic] nor was it contraband from drug transactions and was held by [Claimant] for a legitimate purpose."[4] (ECF 21 at 1.) Claimant's answer makes general denials of the same character. (ECF 20.) Finally, Claimant has also submitted a document apparently sent to the Drug Enforcement Administration's Forfeiture Counsel and entitled "Petition Contesting Seizure and Forfeiture," which document asserts that the confiscated currency was "obtained in a lawful manner [and] not utilized in any illegal activities."[5] (ECF 28-1 at 1.) Elsewhere in the record is a similarly-captioned petition asserting the same with respect to the defendant automobile property. (ECF 12-1 at 4.)

Although Claimant's assertions are conclusory, they are at least conclusory factual assertions regarding the ownership of the defendant property and not conclusory legal assertions that he has a "meritorious defense." *See Carbon Fuel Co. v. USX Corp.*, No. 97-1995, 153 F.3d 719, at *4 (4th Cir. Aug. 6, 1998) (unpublished decision) (declining to reverse the district court's denial of a motion to set aside an entry of default where the party's motion only included a statement from counsel explaining that "there exists a compelling and meritorious claim and defense . . . ."); *cf. Consol. Masonry & Fireproofing, Inc. v. Wagman Const. Corp.*, 383 F.2d 249, 252 (4th Cir. 1967) (holding that a district court does not abuse its discretion by denying a

---

[4] To the extent that Claimant also asserts that "[t]his property is the sole property of [Claimant] *or his wife* and they have a right to 100% ownership of the same" (ECF 21 at 1) (emphasis added), the Court observes that it will only consider Claimant's assertions as they relate to *his* claim and the existence of a meritorious defense with respect to that claim.

[5] Claimant purported to attach this document to his claim (ECF 20) but did not. In his claim he asserts that this same document was previously filed with the U.S. Drug Enforcement Administration, and that it "further outlines the Claimant's claim." (ECF 20 at 1.) Claimant submitted this document as an attachment to a subsequent responsive filing. (ECF 28.)

motion to set aside default pursuant to Rule 55(c) where the moving party makes only conclusory statements of a meritorious defense).

Relatedly, Claimant's general denials and assertions regarding the defendant property's connection to non-criminal conduct go the heart of the defendant property's eligibility for forfeiture, and, if Claimant is believed, would permit a jury to find in his favor with respect to the charges contained in the Government's verified complaint of forfeiture.[6] *See, e.g.*, *United States v. Jamie*, 2:10-CV-00859, 2011 WL 90227, at *2 (S.D. W. Va. Jan. 11, 2011) (Johnston, J.) (explaining that "failure to produce exhaustive evidence to support the denials contained in their proposed answer" did not mean that claimants could not satisfy the showing of a tenuous meritorious defense); *Essroc Cement Corp. V. CTI/D.C., Inc.*, 263 F.R.D. 17, 22 (D.D.C. 2009) (finding a meritorious defense even though allegations in defendant's answer were "somewhat broad and conclusory" because the answer "provided the minimum hint of a suggestion of a meritorious defense"); *United States v. $10,000.00 in U.S. Currency*, 1:00-CV-0023, 2002 WL 1009734, at *3 (M.D.N.C. Jan. 29, 2002) (finding that a claimant had provided a sufficient demonstration of a meritorious defense where he asserted that he was the owner of the disputed currency and supplied an affidavit from his attorney stating that the currency represented the claimant's savings through legitimate employment).

Accordingly, the Court finds that although Claimant's meritorious defense argument appears tenuous this factor nonetheless weighs slightly in favor of Claimant.

---

[6] The Court observes that in its motion to strike, the Government also argues that Claimant has pled guilty to the criminal conduct that gave rise to the seizure of the defendant property, and that, therefore, even if Claimant's claim was timely filed he would be collaterally estopped by his state court conviction from denying his involvement in the drug conspiracy on the date that the defendant property was seized. (ECF 22 at 2.) Claimant responds that while he is estopped from denying the facts that stand for the basis of entering his state court guilty plea, he may still deny that the defendant property was involved in or was the profit or proceeds from the drug trafficking that was the subject of his state court conviction. (ECF 26 at 4.) The Court agrees with Claimant with respect to the instant motion. The Government is not, of course, prevented from re-raising such collateral estoppel arguments in future proceedings in this forfeiture action.

*2. Reasonable Promptness*

Claimant filed his claim and answer the day after the second entry of default (ECF 18; ECF 20; ECF 21), and moved to set aside the entry of default just over two weeks later. Other district courts have found that when a Claimant moves to set aside an entry of default within periods of this length or longer, such motions are made with reasonable promptness. *See, e.g.*, *Pearson v. Giles Industries, Inc.*, CIV.A. 3:13-19629, 2013 WL 6048714, at *2 (N.D. W. Va. Nov. 13, 2013) (Chambers, C.J.) (finding reasonable promptness where motion to set aside the entry of default was filed only two weeks after default was entered); *J & J Sports Prods., Inc. v. Santillan*, 1:11CV1141, 2012 WL 2861378, at *3 (M.D.N.C. July 11, 2012) (finding reasonable promptness where 28 days had passed before motion to set aside entry of default was filed). Additionally, as noted above, some ambiguity arguably existed with respect to when Claimant was required to respond.

Accordingly, the Court finds that Claimant acted with reasonable promptness and that this factor favors Claimant.

*3. Personal Responsibility of the Defaulting Party*

"[A]ttorney inaction—without some sort of attendant fault of the [party], personally— leads to a finding of no personal responsibility of the defaulting party." *Pearson*, 2013 WL 6048714 at *2. Here, there is no evidence that Claimant personally had any responsibility for failing to file his claim and answer prior to the entry of default. Notably, in moving to set aside the first entry of default, Claimant acknowledged certain personal upheaval in his personal life related to his recent incarceration, which upheaval led him not to realize the importance of the verified complaint of forfeiture. (ECF 12 at 1−2.) Claimant makes no such assertion with respect to the second entry of default, and, indeed, both his motion and the Government's filings

are silent as to his personal responsibility here. (ECF 26; ECF 27 at 8; ECF 28.) Rather, it appears that here, Claimant's counsel did not file a claim or answer prior to the second entry of default for those reasons discussed above.

Accordingly, the Court finds that personal responsibility for the default cannot be attributed to Claimant, and that, therefore, this factor favors Claimant.

### 4. Prejudice

The Fourth Circuit has explained that "delay in and of itself does not constitute prejudice to the opposing party . . . ." *Colleton Prepartory*, 616 F.3d at 418; *cf. Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988) (observing in an analysis under Fed. R. Civ. P. 60(b) that, "As to prejudice, we perceive no disadvantage to [the defendant] beyond that suffered by any party which loses a quick victory."). In light of this authority, the Government's primary argument that it will be prejudiced because of delay if the default is set aside is unpersuasive. (ECF 27 at 8−9.)

The Court reaches a similar conclusion with respect to the Government's concern about prejudice from the possibility of future dilatory action by Claimant. (ECF 27 at 9.) Such speculative concerns are not persuasive with respect to the Court's current analysis, and appropriate remedies exist for addressing such problems if they arise. The Court expects, of course, that this civil forfeiture action will hereafter proceed in a timely and efficient manner.

Accordingly, the Court finds that this factor also favors Claimant.

### 5. History of Dilatory Action

The Government points to the prior entry of default as evidence that there has been a history of dilatory action in this case. Notably, however, the Government did not oppose Claimant's motion to set aside the first entry of default. (ECF 14.) Moreover, the Court found

good cause to set aside that default based on Claimant's averment that he failed to respond to the verified complaint of forfeiture due to tumultuous personal circumstances caused by his recent incarceration and because his counsel did not receive notice of the filing. (ECF 16.) That ruling diminishes the extent to which such prior failure to respond counts against Claimant here. Furthermore, there are no other instances of dilatory action in this case. *See Pearson*, 2013 WL 6048714 at *3 (finding three prior instances of dilatory action, including two prior failures to timely file an answer, to be minor and not a factor that weighted in favor of denying a motion to set aside an entry of default).

Accordingly, the Court finds that this factor slightly favors Claimant.

      *6. Sanctions Less Drastic*

The Government contends by way of a lone and conclusory assertion, and without citation to legal authority, that "there is no less drastic sanction available." (ECF 27 at 9.) Such argument is unpersuasive. To the extent that less severe sanctions may be available against Claimant or his counsel, however, the Government has not so moved and the Court declines to pursue such sanctions sua sponte.

Accordingly, the Court finds that this factor favors Claimant.

For these reasons, specifically (1) the lack of clarity regarding the deadline to file a claim and answer after the Court set aside the first entry of default, (2) the Court's evaluation of the factors articulated in *Payne*, 439 F.3d at 204–05, and conclusion that such factors overall favor Claimant, and (3) the Fourth Circuit's clearly stated preference against default, *Colleton*, 616 F.3d at 417, the Court **FINDS** that good cause exists to set aside the entry of default pursuant to Fed. R. Civ. P. 55(c) and permit the parties to litigate the forfeiture on the merits.

## V. CONCLUSION

For these reasons, and for good cause shown, the Court **GRANTS** Claimant's motion [ECF 26] and **SETS ASIDE** the prior entry of default in this matter [ECF 18]. The Court further **DEEMS TIMELY** the claim [ECF 21] and answer [ECF 20] previously filed by Claimant and **DENIES** the Government's motion [ECF 22] to strike these filings.

ENTER: March 14, 2014

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE